## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

HAKEEM WILSON,         )
                               )
    Plaintiff,           )
                               )
v.                          )         CV423-296
                               )
CHATHAM COUNTY      )
DETENTION CENTER, *et al.*,  )
                               )
    Defendants.       )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Hakeem Wilson filed a Complaint on the form provided for 42 U.S.C. § 1983 claims. *See generally* doc. 1. He also moved to proceed *in forma pauperis*. Doc. 2. After he responded to the Clerk's notice that he failed to sign either document, *see* docs. 3 & 4, the Court granted him leave to proceed *in forma pauperis*, doc. 5. He has returned the required forms. Docs. 6 & 7. The Court, therefore, proceeds to screen his Complaint pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

1

Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Wilson is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Wilson's Complaint fails to state any claim upon which relief can be granted for the simple and obvious reason that it does not include any allegations. *See generally* doc. 1. The only substantive assertion provided in the form Complaint is an explanation why Wilson failed to utilize the prison grievance procedure. He states, "[t]he Grounds for which I am suing under are not related to the internal operations of the facility per se, but rather the fact of me being here." Doc. 1 at 4. The section of the form for factual allegations and requested relief are completely blank. *See id.* at 5-6. As discussed below, Wilson will have an opportunity to submit an Amended Complaint.

Along with the complete lack of any factual allegations, the Court can identify a further defect in his Complaint; he has named improper

defendants. The only defendants he names are the Chatham County Detention Center and the Chatham County Sheriff's Office. *See* doc. 1 at 1, 3. Neither is a proper defendant. As this Court has explained, "the Chatham County Detention Center is not an entity subject to suit." *Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at \*1 (S.D. Ga. Apr. 25, 2022). Similarly, it is well-established that, under Georgia law, sheriff's departments are not legal entities subject to suit. *See, e.g., Lawal v. Fowler*, 196 F. App'x 765, 768 (11th Cir. 2006) (citations omitted); *Lamb v. Camden Cnty. Sheriff's Office*, 2022 WL 2001302, at \*1 (S.D. Ga. June 6, 2022). Accordingly, both the Chatham County Detention Center and the Chatham County Sheriff's Office should be **DISMISSED**.

Since Wilson has not named any proper defendant or asserted any claim, he is **DIRECTED** to submit an Amended Complaint no later than November 17, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Wilson is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local*

*91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Wilson is further advised that failure to timely submit his amended complaint may result in dismissal for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Finally, it is time for plaintiff to pay his filing fee. Based on the financial information available, it appears that Wilson had average monthly deposits to his prison trust account of $62.84. *See* doc. 15 at 1. He, therefore, owes a $12.68 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be

collected by the custodian at all future facilities in accordance with the terms of this Order. [1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of

---

[1] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 3rd day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA