## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

HAKEEM WILSON, )
                         )
      Plaintiff, )
                         )
v. )              CV423-296
                         )
CHATHAM COUNTY )
DETENTION CENTER, *et al.*, )
                         )
      Defendants. )

## REPORT AND RECOMMENDATION

The Court previously screened *pro se* plaintiff Hakeem Wilson's Complaint, recommended that several improper defendants be dismissed, and directed him to file an Amended Complaint because the original did not include any factual allegations. *See generally* doc. 9. The Report and Recommendation remains pending before the District Judge. *See id.* Wilson has submitted his Amended Complaint. *See* doc. 12. The Court, therefore, proceeds to screen it. *See* 28 U.S.C. § 1915A.

As before, *see* doc. 9 at 1-2, the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir.

2001).  Therefore, allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).  Conclusory allegations, however, fail.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).  As Wilson is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed.  *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Even liberally construed, Wilson's Amended Complaint does not even come close to stating a claim upon which relief can be granted.  The only facts it alleges are that the incidents at issue occurred between March 7th and 8th, 2023.  *See* doc. 12 at 5.  As to the facts underlying Wilson's claim, he alleges, unedited and in full: "the put me in handcuffs I was no where near the scene they didnt put me in a line up just random picked me[.]"  *Id.*  He also alleges that, "on March the 8th 2023 got in a fight with officer[.]"  *Id.* He identifies four defendants, two Savannah Police Department officers, the District Attorney of Chatham County, and an assistant district attorney.  *Id.* at 2-3.  Other than identifying those individuals as defendants, there is not even the slightest indication

of how they might have been involved in the vaguely described events at issue.

To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)). Given that Wilson's Amended Complaint does not provide sufficient factual allegations to determine what he alleges happened, much less how any of the named defendants were responsible for what happened, it clearly fails to support "the reasonable inference that [any] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It

should, therefore, be **DISMISSED** for failure to state a claim upon which relief can be granted.[1]  *See* 28 U.S.C. § 1915A(b)(1).

---

[1]  Even if the Court could discern the nature of Wilson's claim, the relief he seeks is improper.  Wilson's Amended Complaint states that, as relief, he "want[s] [his] freedom[,] the case[(presumably, a pending state criminal prosecution)] thrown out[,] and law suit to be [g]ranted."  Doc. 12 at 5.  "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . .  He must seek federal habeas corpus relief (or appropriate state relief) instead."  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").  And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief.  *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

Moreover, to the extent that he asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state court proceeding.  *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate).  Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury.  Plaintiff, obviously, remains free to allege constitutional or procedural violations in his state criminal proceedings.  He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury.  *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").  Thus, any such arguments are for the state court.  *See also Heck*, 512 U.S. at 487 n. 8 ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 21st day of November, 2023.

Christopher L. Ray
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA